IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

\* \* \* \* \* \*

| | | |
|---|---|---|
| EXO PROPERTIES, LLC, | ) | |
| | ) | Civil No. 1:05-CV-00041 J |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION &** |
| vs. | ) | **ORDER** |
| | ) | |
| OGDEN CITY, DAK MAXFIELD, | ) | |
| SCOTT BROWN, JEANNE HARRIS, | ) | **FILED** |
| DeANN WALLWORK, JAMES O. | ) | CLERK, U.S. DISTRICT COURT |
| CHAMBERLIN & ASSOCIATES, | ) | December 29, 2005 (10:31am) |
| WADMAN CORPORATION, R&O | ) | DISTRICT OF UTAH |
| CONSTRUCTION & DOES 1 | ) | |
| THROUGH 20, | ) | |
| | ) | |
| Defendants | ) | |

\* \* \* \* \* \*

The parties have filed a series of motions in the above-captioned proceeding, some of them addressing the substantive issues pending before this court, and others raising procedural questions. Having heard, reviewed and considered the pending motions, the court rules as follows:

On May 9, 2005 defendant Wadman Corporation filed its Motion to Dismiss (dkt. no. 9). On June 8, 2005 plaintiff EXO Properties LLC ("EXO") filed a Motion to Amend/Correct the Complaint (dkt. no. 18). On June 15, 2005, all defendants stipulated to and did not oppose EXO's motion to amend the complaint, and defendant Wadman Corporation moved to incorporate the first amended complaint into its Motion to Dismiss (dkt. nos. 21, 22, 23, respectively). Following oral argument on June 28, 2005, the Court

granted Wadman Corporation's Motion to Dismiss, and now grants EXO's Motion to Amend/Correct Complaint based on the stipulation of all parties.  (*See* Minute Entry, dated June 28, 2005 (dkt. no. 29).)  The Court observes that this case is primarily a contract dispute between EXO and others, not Wadman Corporation; and that EXO has failed to plead facts sufficient to maintain its alleged causes of action against defendant Wadman Corporation.[1]

On August 29, 2005, following oral argument, the Court granted R&O Construction's Motion to Dismiss filed June 12, 2005 (dkt. no. 30) and EXO's Motion to Vacate the Scheduling Order filed August 11, 2005 (dkt. no. 54).  (*See* Minute Entry, dated August 29, 2005 (dkt. no. 63).)  The Court observes that this case is primarily a contract dispute between EXO and others, not R&O Construction; and that EXO has failed to plead facts sufficient to maintain its alleged causes of action against defendant R&O Construction.  The Court continued oral argument for defendants' Motion for Judgment on the Pleadings[2] and Motion for a Protective Order[3] to October 6, 2005.

At the hearing held October 6, 2005, the Court noted that although EXO may or may not have a state contract claim against the remaining defendants, there is no justiciable federal question.  Therefore, the court does not have jurisdiction to hear this case.  The court hereby grants Defendants' Motion for Judgment on the Pleadings, filed

---

[1] Accordingly, EXO's Motion for Entry of Judgment filed August 9, 2005 (dkt. no. 53) requesting Entry of Judgment for defendant Wadman Corporation is mooted by this Order.

[2] filed July 7, 2005 (dkt. no. 27)

[3] filed July 29, 2005 (dkt. no. 42)

July 7, 2005 (dkt. no. 27) and orders that the above-captioned action be dismissed, without prejudice.

Defendants' Motion for a Protective Order, filed July 29, 2005 (dkt. no. 42) is mooted by the court's dismissal of the case.[4]

Let judgment be entered accordingly.

**SO ORDERED.**

DATED this 29 day of December, 2005.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge

---

[4]Defendant's Motion for Protective Order was to stay discovery until after the Court decided the Motion for Judgment on the Pleadings. (*See generally,* Motion and Memorandum in Support, (dkt. nos. 42, 43 respectively).